[No. 13493.  Department Two. — February 26, 1890.]

## A. G. WIEDEKIND, RESPONDENT, v. TUOLUMNE COUNTY WATER COMPANY, APPELLANT.

APPEAL — REVIEW OF CONFLICTING EVIDENCE. — When the evidence is conflicting, an order denying a motion for a new trial, made on the ground of insufficiency of the evidence to justify the verdict, will not be disturbed.

NEGLIGENCE — BREAKING OF WOODEN DAM AND RESERVOIR. — When the evidence of plaintiff tends to show that the damages alleged to have been occasioned to plaintiff's mining claim by the breaking of defendant's wooden dam and reservoir were caused by its poor construction and its rotten and decayed condition, and were owing to defendant's want of care in attending to the reservoir, such evidence will support a verdict for damages in favor of plaintiff, though the evidence of defendant may tend to show that the breaking of the reservoir was not through fault in the dam or reservoir, or owing to negligence of the defendant in its construction or maintenance, but that the break was in the native earth at one end of the dam.

ID. — EVIDENCE — IRRELEVANT QUESTION AS TO EARTH DAMS — QUALIFICATION OF EXPERT. — In an action for the negligent construction and maintenance of a wooden dam and reservoir of defendant, by the breaking of which plaintiff's land was flooded, a question as to the experience and observation of a witness as to the breaking of earth dams is irrelevant; nor would proof of any amount of familiarity with earth dams qualify a witness to testify as an expert in regard to wooden dams.

NEW TRIAL — IRREGULARITY IN PROCEEDINGS — ILLNESS OF COUNSEL — EVENING SESSION — DISCRETION. — It is in the discretion of the court to grant or refuse an application of counsel not to proceed with the trial at an evening session, upon his statement that he is too ill to proceed further; and if it does not appear that the party represented by such counsel was thereby prevented from having a fair trial, a new trial will not be granted on account of the refusal of such application.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Edwin A. Rodgers,* for Appellant.

*F. W. Street,* for Respondent.

SHARPSTEIN, J. — This action is brought by plaintiff for alleged damages caused him by the breaking of de-

fendant's reservoir, by reason of which a large volume of water flowed over and into the mining claim of plaintiff, situated below said reservoir, filling said claim with earth, rock, and timber, and carrying away mining implements and a bridge constructed by plaintiff, and depriving plaintiff of the use of said claim during a period of four months. Plaintiff avers that said dam was poorly constructed, and at the time of the break was in a rotten and decayed condition, and was badly and carelessly attended by defendant, and by reason of such carelessness and negligence it broke away and caused the injuries of which plaintiff complains.

All the material allegations of the complaint are denied by the answer of the defendant.

The cause was tried by a jury, which returned a verdict in favor of plaintiff; and a judgment was entered in his favor for the damages awarded him by the verdict. Defendant moved for a new trial, which was denied, and from that order and the judgment he appeals to this court.

Appellant's main contention is, that the evidence is insufficient to justify the verdict. He admits that a break occurred, by which the water of the reservoir escaped, but contends that it was not in the dam proper, but in the native earth at or near the east end of the dam, which, if proven, he claims would negative the averment of its having occurred through carelessness or negligence in the construction or maintenance of the dam. But there is evidence tending to prove that the break occurred as alleged in the complaint, and that is sufficient to justify the verdict, although there is evidence tending to prove that the break occurred where the defendant alleges it to have occurred. It is a clear case of conflict of evidence, and we cannot disturb the order denying defendant's motion for a new trial on the ground of "insufficiency of the evidence to justify the verdict."

There are two exceptions to rulings of the court in sustaining plaintiff's objections to questions asked of defendant's witness Smith. After testifying that he had "been in the water business thirty-five years," and had "had experience with earth dams," he was asked by counsel for defendant: "What is your experience and observation in regard to the breaking of such earth dams through the earth at one end or the other?"

Defendant's counsel objected to it as irrelevant. The court, in sustaining the objection, remarked that it did not see "how an earth dam might break would assist the jury in determining how the break in this case had occurred," this not being an earth dam. The ruling was correct.

Defendant's counsel then asked the following question: "Mr. Smith, how many different reservoirs of earth have you had charge of and had under construction and management during the last thirty-five years?"

Plaintiff's counsel objected, and the objection was properly sustained.

Defendant's dam was a wooden dam, and there is testimony tending to prove that it broke away by reason of the weakness of some of the timbers, which had become decayed by age and exposure. Any amount of familiarity with earth dams would not qualify a witness to testify as an expert in regard to wooden dams.

The last ground upon which defendant's counsel insists is, "irregularity in the proceeding of the court, and abuse of discretion by the court, by which defendant was prevented from having a fair trial."

The specification is as follows: "That on the twelfth day of February, A. D. 1889, this case was on trial from ten o'clock, A. M., to five o'clock, P. M., at which time the court took a recess until seven o'clock, P. M., to which defendant's counsel objected, stating that he was too unwell to attend an evening session. At about twenty minutes to nine o'clock, P. M., defendant's counsel again

stated he was physically and mentally unable to proceed further. The court directed defendant's counsel to go on and call his next witness, and defendant here assigns that this order and direction was such an irregularity and abuse of discretion as to prevent defendant from having a fair trial."

While it would have been eminently proper, under the circumstances, for the court below to have granted counsel's request, it does not appear to us that the defendant was thereby *prevented from having a fair trial.* The trial appears to have proceeded, in all respects, as it would if defendant s counsel had not been ill. The application was one which addressed itself to the discretion of the court, and the denial of it is not a sufficient ground for granting a new trial, unless the party was prevented by it from having a fair trial, of which we find no evidence in the record.

Judgment and order are affirmed.

THORNTON, J., and McFARLAND, J., concurred.