ABBITT, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, February 16, 1904.

1. **PERSONAL INJURIES: Elements of Damage: Harmless Error.** In an action for damages for injuries to plaintiff's wife, caused by the negligence of defendant, it is not reversible error to instruct the jury to allow for the cost of medicines which they believe plaintiff has purchased, in the absence of proof that any medicines were purchased, where the other proved items of the loss and expenses exceed the award of the jury, and it is evident that the jury allowed no more than a trivial sum, if anything, for the medicines.

2. ———: ———. Nor was it error to instruct the jury to include a reasonable amount paid for medical services, although there was no direct testimony that the charge of the physician was reasonable; the presentation of the physician's bill and its payment is sufficient evidence that it was reasonable to sustain the verdict.

3. ———: ———: **Loss of Time: Pleading.** Plaintiff's loss of time in attending his wife, while suffering from her injuries, was a proper element of damage, and, where the evidence was received on that question without objection, it is too late, after verdict, to raise the question that such loss of time was not averred in the petition.

Appeal from St. Charles Circuit Court.—*Hon. E. M. Hughes,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann* and *Crawley, Jamison & Collet* for appellant.

(1) There was no evidence that any medicines for plaintiff's wife had been bought or paid for, and the court committed error in submitting to the jury that element of damage in the instruction. McLean v. Kansas City, 81 Mo. App. 72. (2) The testimony of plaintiff and that of the physician, which was the only testimony on the subject of medical services, shows that the physician's bill was for $250.00 and was secured by a note, due after the trial, which had not been paid. The doctor said that his charges were $250.00, but neither he nor any other witness testified to the reasonableness of the charge, nor was there any testimony offered concerning the value of his services. Plaintiff testified that he was out, in actual cash money, about $310.00, but he included the $250.00 note in that estimate. The jury was not required to find, nor was there any evidence from which they could find, that the amount of the doctor's bill, to be paid after the trial, was reasonable. The reasonableness of the charge is a fact to be determined by the jury from the evidence, as any other fact in the case. Duke v. Railroad, 99 Mo. 347; Smith v. Railroad, 108 Mo. 251; Morris v. Railroad, 144 Mo. 500; Robertson v. Railroad, 152 Mo. 382; Rhodes v. City of Nevada, 47 Mo. App. 499; Culbertson v. Railroad, 50 Mo. App. 556; State ex rel. Rogers v. Gage Bros. & Co., 52 Mo. App. 464. (3) Said instruction is further erroneous in directing the jury to include in their verdict "the reasonable value of his time, expended by him in necessary and personal care and attention" to his wife after her injury. The petition specifies minutely and at length all of the items of damage for which plaintiff asks compensation, but the value of his time lost in attending his wife is not included in his demand. Mabrey v. Gravel Road Co., 92 Mo. App. 606-607; Wolfe v. Su-

preme Lodge, 160 Mo. 675; Price v. Railroad, 72 Mo. 414; Glass v. Gelvin, 80 Mo. 297; Null v. Railroad, 97 Mo. 68; Tetherow v. Railroad, 98 Mo. 74; Bender v. Dungan, 99 Mo. 126; Squire v. Brewing Co., 90 Mo. App. 462.

*Barclay & Fauntleroy* and *Richard F. Ralph* for respondent.

(1) The entire facts in evidence and the proof (admitted without objection) of $4 of expense, incurred by plaintiff by reason of his wife's injury, and not otherwise accounted for, warrant the inference that said item of expense was for medicines, under the rulings in Missouri that where proof of certain facts of injury or damage fairly permit the inference of other features of such injury or damage the latter may properly be inferred from the former. Dunn v. Railroad, 81 Mo. App. 41; Mabrey v. Road Co., 92 Mo. App. 596; Butts v. Bank, 72 S. W. 1083; Moore v. Railroad, 73 Mo. 438. (2) This case falls directly in reach of the rule laid down by the Supreme Court to the effect that an erroneous instruction as to the elements of plaintiff's damage is not reversible error if the damages awarded are reasonable in amount. Sherwood v. Railroad, 132 Mo. 339. (3) For stronger reason than the one given in the last cited case, a verdict for less than the amount of actual damages proved by undisputed evidence could not properly be held erroneous on the flimsy contention that another item of damage, not mentioned expressly in the evidence, was inadvertently referred to in an instruction. Link v. Prufrock, 85 Mo. App. 618. Blewett v. Railroad, 72 Mo. 584; Brandon v. Carter, 119 Mo. 572; Farris v. Railroad, 51 Mo. App. 297; Heil v. Railway, 16 Mo. App. 363. (4) Where evidence is admitted without objection, even if it be of damages or other facts which should be specially alleged, the want of an objection makes the proof admissible, and there is then

nothing to form the basis of a reversal.   Only exceptions taken to evidence at the trial are reviewable on appeal.   Evidence which is not objected to is before the court for any proper use it may have as proof.   R. S. 1899, sec. 864; Mellor v. Railroad, 105 Mo. 462; Lumber Co. v. Rogers, 145 Mo. 445; Faber v. Railroad, 139 Mo. 272; Freiermuth v. McKee, 86 Mo. App. 64; Caris v. Nimmons, 92 Mo. App. 66.   (5) Where a note is received as payment of a demand, by consent of the parties, it then constitutes evidence of payment as between them.   Block v. Dorman, 51 Mo. 31; Rich v. Dudley, 34 Mo. App. 383; O'Bryan v. Jones, 38 Mo. App. 90.   (6) Testimony of the price paid for personal property is prima facie evidence of its reasonable value; and the same principle applies to the  payment of a  bill for services  rendered.   The  payment as  aforesaid by plaintiff of the bill rendered by the doctor for his services is evidence of the reasonable value thereof on the theory of law just stated.   Campbell v. Woodworth, 20 N. Y. 499; Hoffman v. Conner, 76 N. Y. 124; Hawner v. Bell, 141 N. Y. 140.   Those propositions are both decided and assumed in many decisions of our own courts. Craighead v. Wells, 21 Mo. 408; Robertson v. Railroad, 152 Mo. 390; Culberson v. Railroad, 50 Mo. App. 560; Keiser v. Gammon, 95 Mo. 217; Stevens v. Springer, 23 Mo. App. 375. - (7) The value of time necessarily given in attending upon one's wife because of the negligence of defendant is a legitimate item of damage, and if admitted without objection, it is wholly immaterial whether the petition specifically charged this item or not, as it is clearly within the general demand of three thousand dollars for the total damages to plaintiff. General allegations of damage or of  negligence are sufficient if evidence thereof (which might require special allegation) comes in without objection made at the time it is introduced. Smith v. St. Joseph, 55 Mo. 459; Blair v. Railroad, 89 Mo. 339; Dlauhi v. Railroad, 139 Mo. 291; Chouquette v. Railroad, 152 Mo. 257.   (8) Unless ob-

jection is made when evidence as to damages is admitted at the trial, it is immaterial whether such evidence shows that expenses which constitute the damages were paid by plaintiff or were merely incurred by him as a liability. Hannon v. Transit Co., 78 S. W. 138; Gorham v. Railroad, 113 Mo. 408; Flanagan v. Railroad, 83 Iowa 639.

GOODE, J.—This plaintiff obtained a judgment for $500 against the defendant for personal injuries sustained by his wife in being thrown from the running board of a car by the negligent starting of the car as she was in the act of alighting. The only point made against the validity of the judgment is that the jury were erroneously instructed as to the measure of damages. The instruction of which complaint is made is this one:

"The court instructs the jury that if, under the evidence and the other instructions, you decide to find for the plaintiff, you should assess his damages at such sum as you find from the evidence to be a reasonable compensation to him for any loss of services and of the society (that is to say, of the companionship) of his said wife, and for the reasonable value of his time expended by him in necessary personal care and attention to her, if any, which you may find from the evidence have been caused to plaintiff as direct results of said injury to plaintiff's wife, as well as for such expenses as you may find from the evidence plaintiff has necessarily incurred in taking care of his wife (from the time she was disabled to the present time) on account of the injuries she directly sustained, if any, in consequence of the injury complained of, including therein compensation to plaintiff for such necessary expenses, on account of the reasonable value of medical services to, and medicines for, her, as you may find from the evidence plaintiff may have paid, or become liable for in consequence of said injury to his said wife."

The first ground on which that direction is attacked
is that there was no evidence plaintiff paid for any med-
icines for his wife, while she was under treatment for
her injuries, and it was, therefore, erroneous to allow
the jury to take account of the cost of medicines in es-
timating the damages. So far as we have gathered in an
attentive perusal of the testimony, no witness testified
in opposition to the testimony for the plaintiff as to the
extent of the loss he sustained by his wife's injuries,
and the only controversy that can be raised as to the
amount of his damages is that different inferences could
be fairly drawn from the testimony of the plaintiff and
his witnesses as to their amount. Mrs. Abbitt's jaw
was fractured, her left arm broken and she received
other injuries by her fall. In consequence of the acci-
dent she was kept in bed for weeks and her arm was
treated by a physician for from four to six months.
Plaintiff was compelled to desist from his employment,
for which he was receiving $25 a week, to give her at-
tention. He did this on the advice of her physician,
who considered her condition so critical that it was nec-
essary for her husband to be with her, as she was in an
advanced stage of pregnancy. Besides, he had to em-
ploy a nurse for her during eight weeks and a servant
to do the housework, which she was accustomed to do.

Plaintiff testified to the following estimate of his
damages:

"1.  $3.50 per week for eight weeks paid to Miss
     Sylvia for nursing his wife .......... .... ..$ 28.00
 2.  $3.50 per week for Miss Sylvia's board for
     that period .......................... ........   28.00
 3.  $25 per week for eight weeks time lost by
     plaintiff while nursing his wife ..........  200.00
 4.  An average expense of $1.25 per week for
     a period not stated, paid girl to do the house-
     work formerly done by his wife (31 weeks) .   38.75

5.  A loss of $12 a week in his earnings, beginning nine weeks after the accident and lasting to the date of the trial (22 weeks)    264.00

6.  A note for $250 in full for physician's services, due June 1, 1903, about three months after date of trial ...................... 250.00

Total.....................$808.75

The verdict was for but $500, though no testimony was adduced to disprove the expense and loss plaintiff said he had sustained.

To reverse the judgment we must not only find error was committed, but that the error was not palpably harmless to the appealing party. We do not think the judgment ought to be reversed, even granting the court made a mistake in instructing the jury to allow the cost of any medicines which they believed from the evidence the plaintiff had purchased for his wife; for the evidence is conclusive that plaintiff's other items of loss and expense exceeded the award, and it is incredible that the jury allowed more than a trivial sum, if anything, for medicines.  Sherwood v. R. R., 132 Mo. 339.

The instruction is further complained of on the ground that there was no testimony that the doctor's bill was reasonable.  Mrs. Abbitt was attended by Dr. B. J. Ludwig, a regular physician and a graduate of a reputable medical school.  He testified that his bill for attending plaintiff's wife was $250, and that plaintiff gave him a well-indorsed note, but had not at the time of the trial, paid him in cash.  There was no testimony that the charge was reasonable, but the presentation of the bill and its payment or settlement by note or otherwise, was some evidence that it was reasonable.  In the absence of other evidence, cost is competent as tending to show value.  Abbott's Trial Brief, p. 600, and citation.  We can see no reason why that principle of law is not applicable to the cost of medical services as well

as of property. We have examined the Missouri cases in which there were reversals because of a lack of proof as to the value of medical attention, and in all of them there was no proof at all as to what was charged or paid. The opinions, while they do not pass on the question, appear to assume that the presentation and payment of a physician's bill would be evidence of its reasonableness.

Further objection is made to the instruction that it allowed a recovery for the reasonable value of the plaintiff's time while he was at home attending his wife, although the petition did not allege loss of time, nor ask for special damages on that account. The lack of such an averment in the petition would have been good reason for objecting to the admission of evidence to show plaintiff lost time, or the value of the time he lost; but evidence on that question was received without objection and was, therefore, for the consideration of the jury; and the loss of time when proven, constituted an element of damages to be compensated. If an objection had been made during the trial, the petition could have been amended. Chouquette v. Railroad, 152 Mo. 257; Dlauhi v. Railroad, 139 Mo. 291; Mellor v. Railroad, 105 Mo. 462; Neibhur v. Schryer, 35 N. Y. 615.

The verdict of the jury in this case fell below the damages which the evidence, by any reasonable inference, showed the plaintiff was entitled to receive.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.