PRATT *v.* HAMILTON.

1. EVIDENCE—HEARSAY—INCOMPETENCY.
    Testimony concerning the opinions and conclusions of onlookers, who did not appear as witnesses, concerning what neighbors thought of the condition of plaintiff at the time of an assault, and what the witness thought of plaintiff's conduct, is hearsay, and incompetent in an action of trespass for the assault.

2. SAME.
    What plaintiff told the physician who saw him some time after the injury, relative to the object with which he was

struck, is incompetent and prejudicial in a case involving the issue whether he was struck by plaintiff's fist or his hammer.

3. SAME—DAMAGES—VALUE.

Damages are not recoverable for medical services the value of which or the amounts charged are not shown.

Error to Wayne; Donovan, J. Submitted February 14, 1910. (Docket No. 143.) Decided May 7, 1910.

Trespass *vi et armis* by Samuel Pratt against James Hamilton. A judgment for plaintiff is reviewed by defendant on writ of error. Reversed.

*Lehman, Riggs & Lehman,* for appellant.

*Thomas L. Dalton,* for appellee.

McALVAY, J. This is an action on the case for damages, claimed to have been caused by an assault and battery committed by defendant upon the person of plaintiff. Plaintiff was foreman of a gang of men in the employ of the waterworks board of Detroit. Defendant lived at No. 848 Parker avenue in said city. His house was about 15 feet back from the sidewalk. He was, on the day of this altercation, at work building a new house on the second lot north from his residence, on the same side of the street. The lot between the two houses was vacant. Plaintiff was engaged with his men in digging a trench to connect the new house with the water main. Having laid out this work, as foreman, for his men, plaintiff was seen by defendant, who was on the south side of the roof of the new house, to go towards his residence. He passed in front of it and looked into the window. He went on by the front of the house and along the north side towards the west end, and turned to within a foot or two of the house. From his movements defendant saw that he was about to commit a nuisance, and called to him several times to stop and go to the shed. He paid no attention to this, but stopped at the end of the veranda in front of a

cellar window and urinated upon the side of the house. He admits that he heard defendant shouting at him. Defendant was angry, and threw a hammer which he had in his hand at him. It struck the ground about halfway to him. Defendant came down after his hammer, and walked towards plaintiff, using language more forcible than elegant. He asked him why he did not go into the house and do that into the piano. Plaintiff replied that he did not know the house was open. Defendant said, "For a pin I would slap your face, you dirty cur." Plaintiff doubled up his fists and invited him to "dig in." Defendant accepted the invitation, and struck plaintiff one blow on the jaw, which finished the engagement. Plaintiff was put *hors de combat*, and defendant ran down the street chased by the waterworks gang. There is a dispute in the case whether defendant struck plaintiff with his fist or the hammer. Plaintiff's jaw was fractured. The result of the trial was a verdict and judgment for plaintiff. Errors are claimed to have been committed upon the trial, and defendant asks a reversal, bringing the case to this court by writ of error.

Defendant relies upon the erroneous admission of incompetent testimony and the refusal to strike it out, also upon errors contained in the charge of the court, statements made in the presence of the jury, and permitting the jury to consider elements of damage claimed not to be supported by any evidence.

One of the men working under plaintiff in digging the ditch for water pipe was allowed, over objection, to testify as to what they guessed among themselves defendant would do when he came down from the house, and conclusions they formed. Another witness was permitted to testify to practically the same thing. A witness was also allowed to testify what the neighbors thought of the condition of plaintiff after he was struck; also his opinion of the conduct of defendant. The court in each instance refused to strike such testimony from the record. This testimony was clearly hearsay and incompetent, and the

court erred in not striking it from the case. The court also allowed the doctor, over objection, to testify that plaintiff said he was hit with a hammer, and refused to strike out the testimony. This doctor, a dentist, saw plaintiff some length of time after the altercation. The question as to whether plaintiff was struck with a fist or a hammer was in sharp dispute, and was one of the principal disputes in the case. The court was in error in allowing this testimony to stand. It was hearsay and prejudicial.

The element of damage objected to was for doctors' and dentists' bills and nursing. Plaintiff's attorney stated in his argument that he was entitled to recover for such items of damage. Upon objection that there was no proof of any such items the court held that there was no evidence of expense for nursing, but, both during the argument of the case and in his charge, stated that plaintiff was entitled to recover for doctors' and dentists' bills. The record does show that services were rendered plaintiff by both the doctor and dentist, but there is no evidence whatever as to the amount charged, or the value of such services. In the absence of such evidence there was no basis upon which the jury was entitled to act, and such elements of damages could not be considered. The argument of counsel and the charge of the court objected to were improper. The court was in error upon both propositions. Other questions need not be discussed.

The judgment of the circuit court, for the errors pointed out, is reversed and a new trial granted.

HOOKER, MOORE, BROOKE, and STONE, JJ., concurred.