ALT v. KONKLE.

1. APPEAL AND ERROR—MOTION FOR DIRECTED VERDICT.
   In disposing of defendant's motion for a directed verdict, the evidence must be viewed in the light most favorable to plaintiff.

2. NEGLIGENCE — MOTOR VEHICLES — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.
   In an action for personal injuries caused to a 14-year old boy by a collision between the bicycle on which he was riding and defendant's automobile, when the latter made a left turn to go into his driveway, running in front of the bicycle, the questions of defendant's negligence and plaintiff's contributory negligence, *held*, under the evidence, issues for the jury.

3. APPEAL AND ERROR—FAILURE TO STRIKE UNRESPONSIVE ANSWER NOT ERROR.
   Failure of the trial court, in an action for personal injuries, to strike, as unresponsive, testimony of the plaintiff that the injury left a permanent disfigurement, where made in answer to the question as to whether the eye being dropped caused any embarrassment, was not prejudicial, where the physician's testimony that the injury was permanent was not disputed, the jury saw the physical condition nearly four years after the accident, and the judge impliedly reproved plaintiff by directing him to answer the question.

4. TRIAL—ORDER OF PROOF.
   In an action for personal injuries, in the order of proof, plaintiff may introduce evidence of the amounts paid for medical attention, etc., without showing first that the charges were reasonable and necessary.

5. DAMAGES — PERSONAL INJURIES — REASONABLE AND NECESSARY OUTLAYS RECOVERABLE.
   In an action for personal injuries, plaintiff is entitled to

¹Trial, 38 Cyc. p. 1586; ²Motor Vehicles, 28 Cyc. p. 49; ³Appeal and Error, 4 C. J. § 2985; ⁴Trial, 38 Cyc. p. 1349; ⁵Damages, 17 C. J. § 128.

recover, as a part of his damages, his reasonable and necessary outlays in an attempt to be cured of the injuries resulting from defendant's negligence.

6. SAME—THAT BILLS FOR MEDICAL SERVICES WERE PAID WAS SOME EVIDENCE OF REASONABLENESS. ·

That bills and charges for medical and surgical attention, nursing and hospital services, shown to have been rendered, had been paid in full, was some evidence of their reasonableness.

7. APPEAL AND ERROR — REFUSAL TO STRIKE TESTIMONY AS TO AMOUNT PAID FOR MEDICAL SERVICES, ETC., NOT ERROR.

The trial court was not in error in refusing to strike testimony as to the amount paid for medical and surgical attention, nursing and hospital service, which was only $231.75, where the verdict for $4,000 was not attacked as excessive, the injuries were serious, and the evidence showed beyond question that services of the nature paid for were necessary.

Error to Kent; Perkins (Willis B.), J. Submitted October 6, 1926. (Docket No. 20.) Decided January 3, 1927.

Case by Robert Alt, an infant, by his next friend, against Arthur H. Konkle for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Rodgers & Rodgers*, for appellant.

*Linsey, Shivel & Smedley*, for appellee.

CLARK, J. Plaintiff, a boy of 14 years, riding a bicycle, collided with defendant's automobile, was injured, brought suit, and had verdict and judgment. Defendant brings error. Plaintiff had attended a ball game. After the game, about 5:30 p. m. May 16, 1922, Lake drive in Grand Rapids, a street 32 feet between curbs, carried a stream of traffic west into the city. Plaintiff and another

---

⁶Damages, 17 C. J. § 201; Evidence, 22 C. J. § 156; 19 L. R. A. (N. S.) 920; 8 R. C. L. 654; ⁷Id., 17 C. J. § 201.

boy rode bicycles, about 10 miles per hour as they said, keeping close to the curb along the north or right side of the street and permitting automobiles to pass them. Plaintiff testified of being watchful, attentive to the condition of traffic, and of being experienced in riding a bicycle. Defendant lived toward the center of a block on the north side of the street. Returning home, driving east, he stopped his car for a time on the south side of the street, nearly opposite his driveway, awaiting an opportunity to enter. He attempted to do so, and about the instant that the front of his car was leaving the street plaintiff collided with the car. The testimony adduced by and on behalf of plaintiff is, generally, to the effect that when he reached that part of the street near defendant's home, a car was not far behind him and ahead of him was another car nearly 50 feet; that defendant drove his car quickly across the street between plaintiff and the car ahead and that, although watchful, he did not see defendant's car until it was too late to avoid the collision.

Testimony by and on behalf of defendant is that the boys were speeding, had just passed an automobile and were looking back watching it, and therefore did not observe defendant's car, and, in effect, that the accident was due to plaintiff's negligence. Plaintiff testified, in effect, that he had not been speeding and had not passed an automobile, that other boys had done that and had gone on ahead.

1. Defendant contends that his motion for directed verdict should have been granted, as he had been guilty of no negligence, and in any event plaintiff had been guilty of contributory negligence as a matter of law. If the facts were as claimed by defendant, he would be right, but on these questions when defendant requests directed verdict the evidence must be viewed in the light most favorable to plaintiff. The testimony for plaintiff, above reviewed, of the condition of traffic,

of the nearness of the car ahead of him, and of his own care and watchfulness, of defendant's attempt, in the circumstances, to cross the street, as he did, made the matter of defendant's negligence and of plaintiff's contributory negligence issues for the jury.

2. Error is assigned on the court's failure to strike out an unresponsive statement made by plaintiff on direct-examination:

"*Q.* Does this eye being dropped down as has been described here, cause you any embarrassment?

"*A.* Why, the injury, of course, left a permanent disfigurement, and, of course, it is not a pleasant thing to have.

"*Mr. Rodgers:* I ask that the testimony be stricken out, that it is a permanent disfigurement.    That is something the witness cannot tell.

"*Mr. Linsey:* Well, I don't know but what anybody could tell that.

"*The Court:* The question was, Does it cause you embarrassment?

"*A.* Yes, sir, it does."

Whether the testimony of plaintiff, a layman, that his physical injury was permanent was competent is a question on which there is some difference of opinion (see 22 C. J. p. 618; 4 Sutherland on Damages [4th Ed.], § 1248), and which need not be determined, for the reason that we think the error, if it be such, was without prejudice.    Plaintiff suffered two fractures of the upper jaw; one from the inner side of the floor of the socket of the eye down through the jaw between the canine and first molar; the other from the outer side of the floor of the eye socket "extending down to the teeth behind."    And this "resulted in a sagging of this upper jaw out of position."    The accident was on May 16, 1922.    The trial was on January 15, 1926. At the time of the trial the part of the jaw which had been within the lines of fracture was low, out of its proper place.    Of this the physician testified:

"*Q.* Now, did the accident leave any permanent results or permanent marks? Will you step up here? (Plaintiff does so.) Take your glasses off, please, and turn around facing the jury.

"*A.* (Indicating.) Well, he has these little scars. They are very small. There is a little sagging now of this eye.

"*Q.* Sagging of the right eye?

"*A.* Of the right eye, this part here.

"*Q.* Where the part of the jaw that was fractured still occupies—

"*A.* A lower position than the opposite one.

"*Q.* And by looking at the young man, is it marked, the difference in the eyes or the fact that one eye was fallen?

"*A.* Yes, sir. Not very noticeable as it is there.

"*Q.* Would you say it had fallen a quarter of an inch?

"*Mr. Rodgers:* Well, now or at the time?

"*Q.* Well, now.

"*A.* Yes, about that, I think now.

"*Q.* His right eye has fallen about a quarter of an inch lower than the left eye?

"*A.* Yes, sir."

The fact that the physician's testimony of permanent injury is not disputed; that the jury saw the physical condition; that the sagging of the eye was due to a corresponding drop of the floor of the eye socket; displacement of the bone within the lines of fracture; that this condition still obtained nearly four years after the injury; and that when plaintiff made the statement in question he was reproved, impliedly, by the direction of the trial judge to answer the question merely, impel us to a holding that no prejudice resulted.

3. The last question meriting discussion relates to the admission of evidence of the amounts charged and paid for medical and surgical treatment, nursing and hospital service. Plaintiff adduced evidence that the charges of the physicians who had attended him, of the registered nurse who had cared for him, and of

the hospital had been fully paid before the trial, and the amounts paid were given in evidence. This was received over the objection that it was not admissible without proof that the charges were reasonable and necessary. The court also declined to strike out such evidence on motion made shortly before plaintiff rested. Relative to the objection to the evidence, it is held that in the order of proof plaintiff might introduce evidence of the amounts paid for medical attention, etc., without showing first that the charges were reasonable and necessary. *Birmingham, etc., Power Co.* v. *Humphries,* 172 Ala. 495 (55 South. 307).

We now consider the refusal to strike. We quote syllabus from *Sherwood* v. *Railway Co.,* 82 Mich. 374.

"A plaintiff in a negligence case is entitled to recover, as a part of his damages, his reasonable and necessary outlays in an attempt to be cured of the injuries resulting from the negligence of the defendant."

See 17 C. J. p. 915; 1 Joyce on Damages, § 252; 8 R. C. L. p. 654, § 196; 1 Sedgwick on Damages (9th Ed.), p. 435; 29 Ann. Cas. 150, note; 19 L. R. A. (N. S.) 920, note. Some of our cases stress the value of the expenditures as the thing to be proved. *Pratt* v. *Hamilton,* 161 Mich. 258; *Buxton* v. *Ainsworth,* 138 Mich. 532 (5 Ann. Cas. 146). In others it is the actual outlay or amount of expense. *Kinney* v. *Folkerts,* 84 Mich. 616, 623; *Priebe* v. *Township of Moorland,* 162 Mich. 110. The value of the outlays or expenses is not alone the test. Nor is the total of the amounts actually paid out. A plaintiff may have had value for his expenditures, the amounts may have been actually paid or liability incurred, and still, in part at least, may have been unnecessary. The plaintiff is entitled to recover a reasonable sum, necessarily expended, or, as was held in the *Sherwood Case, supra,*

his reasonable and necessary outlays in an attempt to be cured of the injuries resulting from the negligence of the defendant." A plaintiff may show, in these cases, the sums actually paid or to be paid, but to recover such sums he should adduce evidence that the same are reasonable in amount and that the expenditures were necessary, for he may recover no more than the reasonable value of such of the same as were necessary. If the medical service, etc., have not been paid for and liability therefor has not been determined by account stated, or otherwise, and if the same have been furnished under circumstances entitling plaintiff to recover therefor, he may show reasonable value and recover for such of the same as were necessary. To discuss generally the kind and character of evidence required in respect to such expenditures, especially for medical and surgical care, is beyond the needs of this opinion.

The verdict of $4,000 is not challenged as excessive. The total of the said expenditures was but $231.75. The boy was unconscious, badly injured. He was taken to a hospital by strangers. He was given an anesthetic. The fractures were reduced as nearly as possible. Drainage tubes were used. The surgeon testified of what was done necessarily of his knowledge and that he turned the case over to another doctor and he testified of the necessity for that. The evidence shows beyond question that the medical and surgical attention, nursing, and hospital service were necessary. Although there is respectable authority to the contrary, we hold that the fact that these bills and charges for services, shown to have been rendered, had been paid in full, was some evidence of their reasonableness. In *Dewhirst* v. *Leopold*, 194 Cal. 424 (229 Pac. 30), it was held, quoting syllabus:

"Amounts paid for medical treatment and attention are some evidence of reasonable value thereof, and sufficient, in absence of showing to contrary."

And in *Abbitt* v. *Transit Co.*, 104 Mo. App. 534 (79 S. W. 496), quoting syllabus:

"Nor was it error to instruct the jury to include a reasonable amount paid for medical services, although there was no direct testimony that the charge of the physician was reasonable; the presentation of the physician's bill and its payment is sufficient evidence that it was reasonable to sustain the verdict."

See *Barlow* v. *Railroad Co.*, 57 Utah, 312 (194 Pac. 665); *Wicks* v. *Cuneo-Henneberry Co.*, 319 Ill. 344 (150 N. E. 276); *Louisville, etc., R. Co.* v. *Frazee*, 179 Ky. 488 (200 S. W. 948). In refusing to strike the court did not err.

The charge is criticized, but, read as a whole, we think it gave the case fairly to the jury. No reversible error is found.

Judgment affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.