SHAW *v.* EQUITABLE LIFE & CASUALTY INSURANCE CO.

1. APPEAL AND ERROR—RIGHT TO HAVE JURY PASS ON ISSUES PRESENTED.

> In determining whether plaintiff had a right to have a jury pass upon the issues presented, the testimony is to be considered in the aspect most favorable to him.

2. PRINCIPAL AND AGENT—SCOPE OF AGENCY—TRIAL—QUESTIONS FOR JURY.

> In an action against a corporation for services rendered and for certain stock claimed to have been given plaintiff in payment therefor, the questions as to whether the person who employed plaintiff was defendant's agent, and if so, whether the transactions involved were within the scope of such agency, *held*, properly submitted to the jury, under the evidence.

3. APPEAL AND ERROR—SUPREME COURT MAY NOT DISREGARD DETERMINATION OF JURY ON ISSUES PROPERLY PRESENTED.

> If the testimony presents issues for the jury which are properly submitted to them, the Supreme Court may not disregard their determination thereof.

4. EVIDENCE—ADMISSIBILITY.

> Defendant's objections to the admission of testimony, *held*, without merit.

5. APPEAL AND ERROR — TRIAL—REQUESTS COVERED BY GENERAL CHARGE PROPERLY REFUSED.

> Where defendant's requests to charge, so far as they were accurate statements of the law applicable to the issues involved, were covered by the charge as given, there was no error in refusing them.

6. TRIAL—INSTRUCTIONS NOT OBJECTIONABLE.

> Objections to the charge of the court, *held*, not sustained by the record.

Error to Kent; Brown (William B.), J.    Submitted

[1]Appeal and Error, 4 C. J. § 2705; [2]Agency, 2 C. J. §§ 731, 733; [3]Appeal and Error, 4 C. J. § 2834; L. R. A. 1916B, 563; 2 R. C. L. 193; 1 R. C. L. Supp. 433; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. 79; 6 R. C. L. Supp. 73; [4]Id., 4 C. J. §§ 2948, 2952; [5]Trial, 38 Cyc. pp. 1707, 1711; 14 R. C. L. 752; 3 R. C. L. Supp. 275; 4 R. C. L. Supp. 916; 5 R. C. L. Supp. 776; 6 R. C. L. Supp. 829; [6]Appeal and Error, 4 C. J. § 2710.

October 7, 1927.    (Docket No. 64.)    Decided January 3, 1928.

Assumpsit by Arthur F. Shaw against the Equitable Life & Casualty Insurance Company for services rendered and for the value of corporate stock.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*Irving H. Smith* (*P. A. Bronson,* of counsel), for appellant.

*Shaw & McIntyre* (*Jay W. Linsey,* of counsel), for appellee.

NORTH, J.    This is a case tried by a jury in which the plaintiff sought to recover on the common counts approximately $1,600 from the defendant for certain services which plaintiff claimed he had rendered to the defendant company while acting as its attorney; and he also sought to recover for certain bond coupons and for 35 shares of stock in the defendant company valued at $2,100.    The plaintiff asserted that the contract for his services and the transaction through which he became the owner of the stock in the defendant company were consummated through Mr. Melvin E. Raymond.    The plaintiff alleged that Raymond was acting as agent of the defendant company.    The defendant denied the alleged agency, and claimed that Raymond acted as an independent broker.    Approximately three weeks after plaintiff had secured from Raymond the 35 shares of stock in the defendant company in exchange for certain bonds and coupons, Raymond got possession of the stock from the plaintiff and sent it to the defendant's office at Chicago.    Raymond claimed this was done for the purpose of having the stock re-issued in plaintiff's name.    The defendant retained the stock, claiming Raymond obtained possession of it wrongfully or through a mistake of

an officer of the company, and that Raymond had no right or authority to sell the stock. Verdict was rendered in favor of the plaintiff. Thereafter the defendant submitted to the trial court a motion for judgment notwithstanding verdict and also a motion for a new trial. Each of these motions was denied. The case is here on writ of error.

The 20 assignments of error are covered by defendant's three contentions as follows: That because there was no evidence tending to prove the same, the court erred in submitting to the jury the question of Raymond's agency, and even if there was evidence of agency, there was no proof that the transactions herein involved were within the scope of such agency; that the court erred in ruling as to the admissibility of evidence; and that there was error in the refusal of the court to give to the jury certain charges requested by the defendant and also error in the charge as given.

Relative to the question of agency, and the scope thereof, the record discloses the following: The plaintiff testified that John W. Bain, the president of the defendant company, said to the plaintiff, in substance, it seemed to him (Bain) that Raymond was not making progress (at Grand Rapids) along the lines of opening up the State, and after paying Raymond's expenses for a while he (Bain) was not satisfied, and for that reason he stopped paying Raymond's expenses. He (Bain) said:

"*Raymond was representing his company,* and that Raymond was to make the necessary arrangements in Michigan and open up this State for life insurance business. * * * Bain did not tell me when I was in Chicago, nor at any other time that Raymond was not employed by the company. * * * I knew Raymond was from time to time drawing drafts on the Equitable Insurance Company, and I knew the Equitable Life Insurance Company was making arrangements at the bank, and I knew the insurance company was paying Raymond's expenses at the hotel.

To do business in Michigan the insurance company would have to do the very thing Bain was trying to work out through the Grand Rapids Savings Bank account, have to build up the legal reserve. I would tell Raymond what had to be done, and he then would take up with Bain the necessary requirements, and he and Mr. Bain take it up with the bank and others to carry it out. Raymond was telephoning Bain repeatedly from his room in the hotel for consultation and advising him what was necessary to be done. The insurance company, in building up their legal reserve were starting out with a C. D. of $100,000."

Mr. Gilbert L. Daane, president of the Grand Rapids Savings Bank, testified in substance:

"Mr. Bain talked with me about opening an account with him and borrowing some money for the insurance company. He said he would borrow money and leave it on deposit with us. I understood that they were going to leave their funds on deposit as security to a loan. Mr. Bain said they would have to have some legal reserve in Michigan, and funds in Michigan banks to be used for that purpose. Mr. Raymond was right there at the time."

This witness had testified that on a former occasion Raymond had told him he was connected with the Equitable Insurance Company, "and was going to bring us some good business. Mr. Bain told me he was opening up to write insurance in Michigan, and as I remember it was legal reserve he needed to open Michigan," etc.

Raymond was arranging to have a Mr. Westra act as general agent in Michigan for the Equitable Life & Casualty Insurance Company, and Mr. Westra testified:

"I saw Raymond write drafts directed to the Equitable Life Insurance Company; in fact I had a couple of these cashed for him."

Mr. Raymond testified:

"I was authorized to select the personnel, attorney,

general agent and others. I was to select all these men and report to Mr. Bain as to who they were, and what they were, and on what basis they were willing to become connected with the company. In the course of my work I selected Mr. Westra, Dr. Slemmons and Mr. Shaw."

This witness testified that the foregoing was incident to obtaining business in Michigan for the Equitable Development Company, which had charge of placing insurance for the Equitable Life & Casualty Insurance Company; and the witness said:

"I was not authorized to do anything for the casualty company, although I was authorized by Mr. Bain, who was president of both companies."

He also testified relative to certain insurance stock in the defendant company which he transferred to the plaintiff in exchange for certain bonds as follows:

"That (the insurance company's stock) was given to me in connection with my expenses. It was advanced against my commissions."

The witness also testified:

"Mr. Bain knew I secured the services of some attorney because I cannot execute legal documents. I mentioned plaintiff's name to him several times. He made no objection to the work being done."

Other quotations of like purport might be made. Much of the record above set forth is denied, explained, or qualified. But, in determining whether plaintiff had a right to have a jury pass upon these issues, the testimony as to Raymond's agency and the scope thereof must be considered in the aspect most favorable to the plaintiff. *Burghardt* v. *Railway,* 206 Mich. 545 (5 A. L. R. 1333) ; *Alt* v. *Konkle,* 237 Mich. 264. Obviously there was an abundance of proof to justify the trial judge in submitting these questions to the jury, and under this record we cannot disregard the determination if the issues involved were properly submitted.

Thirteen of the defendant's assignments of error relate to rulings as to the admissibility of testimony. Two of these assignments are expressly waived in defendant's brief. We have given each of the others careful consideration and find that the defendant's contention relative to them is without merit. None of the rulings were prejudicial to the defendant. A detailed discussion of them would not be helpful to the profession.

The remaining question is whether the trial court committed error in not giving the charges preferred by the defendant or in the charge as given to the jury. A careful reading of the charge discloses that in so far as defendant's requests were accurate statements of the law applicable to the issues involved, they were covered by the charge as given; and that there is no error in those portions of the court's charge relative to which error has been assigned.

We think the issues of fact were fairly submitted to the jury, and it cannot be said the verdict was against the weight of evidence. It follows that the trial court's denial of the motion for judgment notwithstanding verdict and also of the defendant's motion for a new trial was correct.

Judgment is affirmed, with costs to appellee.

FLANNIGAN, C. J., and FELLOWS, WIEST, CLARK, McDONALD, BIRD, and SHARPE, JJ., concurred.