LAPEER COUNTY ROAD COMMISSIONERS *v.* MARKLEY.

1. HIGHWAYS AND STREETS—"REAL ESTATE"—INTEREST IN LANDS. Highway is easement of perpetual character, freehold estate, interest in lands, and therefore is "real estate" (1 Comp. Laws 1929, § 76).

On cost of restoration as measure of damages for injury to real property, see annotation in 17 L. R. A. 426.

2. VENUE—ACTION FOR INJURIES TO LAND—HIGHWAYS AND STREETS.
   Action by board of county road commissioners for damages to
   highway alleged to have been caused by defendants' negli-
   gence, being for injuries to real estate, was properly brought
   in county where road is situated, although defendants reside
   in another county (1 Comp. Laws 1929, § 76; 3 Comp. Laws
   1929, § 13997).

3. NEGLIGENCE—HIGHWAYS AND STREETS—CONSTRUCTION OF DAM.
   In action for damages to highway alleged to have been caused by
   negligent construction of dam, evidence that many large
   chunks of frozen earth were used in said construction, *held*,
   to justify finding of actionable negligence.

4. DAMAGES—EVIDENCE—EXPENSE OF RESTORATION.
   In action for negligent damage to highway, where plaintiff
   showed cost or expense of restoring it, it was not in its own
   behalf called upon to do more in respect of proof of expense.

5. SAME—MEASURE OF DAMAGES—REASONABLE SUM.
   Measure of recovery for negligent damage to highway is not
   amount actually paid for restoring it, but it is reasonable
   sum, of which amount actually paid is evidence.

6. APPEAL AND ERROR—EVIDENCE—ORIGINAL EVIDENCE—DAMAGES.
   Error, if any, in failing to produce original evidence, consisting
   of timekeeper's slips, in proving expense of restoring dam-
   aged highway, was not prejudicial, where books and records
   were introduced, and payment of expense is unquestioned as to
   amount.

7. DAMAGES—EVIDENCE—EXPENSE OF RESTORATION.
   Where there was testimony that going or prevailing prices were
   paid in restoring damaged highway, fact that said expense has
   been paid, *held*, evidence of its reasonableness.

Appeal from Lapeer; Smith (Henry H.), J. Sub-
mitted June 17, 1932. (Docket No. 75, Calendar
No. 36,492.) Decided December 6, 1932.

Case by Board of County Road Commissioners of
Lapeer county against Vern C. Markley and others
for damages to a county road alleged to be due to
defendants' negligent construction of a nearby dam.

Judgment for plaintiff. Defendants appeal. Affirmed.

*Elmer Shumar* (*Samuel R. Williams,* of counsel), for plaintiff.

*Harold E. Howlett* and *George W. Des Jardins,* for defendants.

CLARK, C. J. The facts are stated by the trial judge:

"Defendants built a dam across a small creek for the purpose of creating an artificial lake on property they were developing in Hadley township, Lapeer county. The fill for this dam was started in January, 1927, and completed in March the same year.

"Dirt, part sand and part clay, was obtained for the fill from a nearby hill. It is undisputed that the ground was frozen when the work commenced and continued up to the time of the completion of the dam.

"There seems to be no dispute as to the necessity or fact that dynamite was required to blast out the frozen top dirt so that loose dirt could be had. This dirt was taken up by a drag line, loaded in trucks and conveyed to the fill. Whether or not frozen chunks of dirt were dumped with the loose dirt in the fill is in dispute.

"The plaintiff claims and offers proof to show that large frozen chunks of dirt were dumped with the loose dirt in the fill, while the defendants claim that these frozen chunks were segregated and rolled over the lower side. One of the defendants testified that at one time he discovered some frozen chunks within the limits of the fill and ordered them removed to the outside.

"The dam so constructed measured approximately 200 feet from bank to bank and was approxi-

mately 30 feet in height, about 24 feet in width across the top with a base width of about 125 feet. The spillway was boarded up to hold back water to the estimated depth of 30 feet.

"The artificial lake so created covered an area of around 50 acres.

"A short distance below the dam runs a public highway under the control of the plaintiff as road commissioners for Lapeer county. In the construction of this road a fill of about 11 feet in height, a 24-foot top and 55-foot bottom was made necessary. A cement culvert was maintained where the creek crossed the highway. The highway had been there for a great number of years.

"Early in the morning of May 24, 1927, the dam went out, precipitating down upon the embankment in the highway the contents of the artificial lake. The force of the rushing water is apparent from the undisputed testimony, which shows that pieces of the cement culvert in the roadway weighing several tons were carried downstream and deposited on adjacent lands 200 feet away. The roadway was completely washed out, leaving holes 15 feet deep below the surface.

"The damage to the roadway was repaired that summer at a cost to the county road fund of $7,855.68.

"Through the board of road commissioners this suit is brought to collect from defendants, owners of the dam, this sum so expended in repairing the roadway and culvert so destroyed. That the injury to the roadway and culvert was caused directly by the giving way of the dam and that the sum of $7,855.68 was expended by the commissioners in repairs is not disputed."

Plaintiff had judgment in a trial without a jury. Defendants have appealed.

The first defense is want of jurisdiction, the defendants not being residents of the county and process having been served without the county.

The statute, 3 Comp. Laws 1929, § 13997, provides in part:

"Actions shall be commenced and tried in the proper county as follows:

"Real actions; replevin. 1. Actions for the recovery of any real estate, or the possession thereof; for trespass on lands; and for injuries to real estate and actions of replevin shall be commenced and tried in the county where the subject of the action shall be situated."

1 Comp. Laws 1929, § 76, construes "real estate" to include "lands, tenements, and real estate, and all rights thereto, and interests therein."

A highway is an easement of a perpetual character, a freehold estate (29 C. J. p. 367; *United States Gypsum Co.* v. *Christenson,* 226 Mich. 347), an interest in lands (*Morrill* v. *Mackman,* 24 Mich. 279 [9 Am. Rep. 124]).

Section 13997, above, is a part of the judicature act. The same act, 3 Comp. Laws 1929, § 14007, abolishes all forms of actions at law except the following, which are retained: "Assumpsit, trespass on the case, replevin, ejectment, certiorari, mandamus, and *quo warranto.*"

In determining whether the action here is local, it is of no moment that it is case, as no other form could be employed. Because of the statute former distinctions between case and trespass are unimportant. See cases cited in *Olshove* v. *Huron Circuit Judge,* 240 Mich. 46. The action at bar, therefore, being for injuries to real estate in Lapeer county, was, under the plain language of the statute, properly commenced and tried in that county. Another section of this statute was held to mean what it plainly says. *Graham* v. *Smith,* 62 Mich. 147. And there should be like holding here.

The majority opinion in the *Olshove Case,* it seems, was urged to the trial judge as requiring a contrary conclusion. He declined to follow it, rightly, as it appears to the writer. In a later case, *Dunnebacke* v. *Railway Co.,* 248 Mich. 450, it was said:

"Actions for trespass on lands and for injuries to real estate must be tried in the county where the land is situated (citing the statute)."

And see minority opinion in *Olshove Case.* The majority opinion in the *Olshove Case* manifests apprehension of hardship in obtaining service of process, but it is observed that in actions commenced under the quoted part of section 13997 process may be served anywhere in the State. 3 Comp. Laws 1929, § 14090.

We approve finding actionable negligence in construction of the dam. The earth, largely sand, frozen to a depth of 30 inches, was blasted by dynamite, and, according to accepted evidence, this frozen earth, in chunks, many large chunks, was put into the dam. That the dam, so constructed, lacked, in the spring of 1927 following, requisite consistency, solidity, and firmness to hold a head of water of an estimated depth of nearly 30 feet must be apparent. This, as held by the trial judge, was negligent construction, and the proximate cause of plaintiff's damage, for which defendants are liable. 3 Farnham on Waters and Water Rights, p. 2547; *Wiedekind* v. *Tuolumne County Water Co.,* 83 Cal. 198 (23 Pac. 311); *Bryant* v. *Bigelow Carpet Co.,* 131 Mass. 491; *Anderson* v. *Rucker Bros.,* 107 Wash. 595 (183 Pac. 70, 186 Pac. 293, 8 A. L. R. 544); *Waidelich* v. *Andros,* 182 Mich. 374; note 3 N. C. C. A. 2.

The presence of unprotected springs in the base of the dam and a lack of core in the dam are stressed

also as negligent construction (as to which, see *Supervisor and Commissioners of Pickens County* v. *Jennings,* 181 N. C. 393 [107 S. E. 312]) but, in our view, these questions are unnecessary to decision.

As evidence of damages, plaintiff showed the cost or expense of restoring the highway. *Chandler* v. *Allison,* 10 Mich. 460. Plaintiff proved by unquestionably competent evidence payment of a certain sum as expense; it was not in its own behalf called upon to do more in respect of proof of expense. It was not suing on an account. The measure of recovery for the tort is not the amount actually paid, but it is a reasonable sum (17 C. J. p. 914; *Alt* v. *Konkle,* 237 Mich. 264), of which the amount actually paid is evidence. Plaintiff offered its books and records in evidence and they were received. Defendants say this was error because certain original entries, timekeeper's slips, were not produced. Defendants do not say they were prejudiced in their defense because the slips were not produced, they merely invoke a rule of evidence. Assuming, not stating, that the slips ought to have been produced or accounted for, we find no prejudicial error, for the payment of the expense is unquestioned as to amount.

In *Hyde* v. *Shank,* 93 Mich. 535, an illustrative case, plaintiffs, chattel mortgagees, brought replevin for mortgaged chattels which had been taken from the mortgagor by defendant on attachment. A question was whether or not the mortgage was paid. The plaintiffs, not offering in evidence their books to show the true state of the mortgagor's account, testified of the amount due. Held, the testimony was competent, and that defendant, if he believed the books would aid him, might examine them and use them if he desired.

Defendants sought to challenge the reasonableness of the amount of expense, this by opinion evidence of cost of restoration.  Plaintiff had testimony that going or prevailing prices were paid, and the very fact that this expense has been paid is evidence of reasonableness.  *Alt* v. *Konkle, supra.*

On the whole record the finding of damages must be sustained.  No other question calls for discussion.  Affirmed.

McDonald, Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.