# Syllabus

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

HARK ORCHIDS, LP v BUIE

Docket No. 165761. Argued on application for leave to appeal October 9, 2024. Decided December 30, 2024.

Hark Orchids, LP (plaintiff) filed an action in the Kalamazoo Circuit Court against its former attorney and law firm, William Buie and Conklin Benham, PC (defendants), asserting that defendants committed legal malpractice in their prior representation of plaintiff. In 2015, defendants represented plaintiff in a workers' compensation lawsuit brought against plaintiff by a former employee. During the litigation, the former employee informed defendants that in addition to the workers' compensation claim, she had other claims against plaintiff. The former employee offered a global settlement for all her claims for $125,000. Defendants did not notify or inform plaintiff of the offer. Instead, defendants settled just the workers' compensation claim for $35,823.84. After that lawsuit was settled, the former employee brought another suit against plaintiff, asserting claims of retaliation in response to the workers' compensation claim, racial discrimination, and intentional infliction of emotional stress. Plaintiff alleged in its malpractice case that those claims would have been considered in negotiations and released by the former employee if plaintiff had known about the claims and settlement offer. Because those claims were not settled, plaintiff was required to defend against the former employee's second suit, which entailed significant pretrial motion practice. It was during the second lawsuit that plaintiff discovered that the former employee had previously offered to settle her remaining claims. In the former employee's second lawsuit, the trial court granted summary disposition in favor of plaintiff, the Court of Appeals affirmed that decision, and the Supreme Court denied the former employee's application for leave to appeal. Plaintiff asserted in this case that defendants committed malpractice by failing to inform it of the global settlement offer and that, as a result of the malpractice, plaintiff incurred more than $300,000 in additional attorney fees that would have been unnecessary had defendants performed to the applicable standard of care. Defendants moved for summary disposition. The court, Alexander C. Lipsey, J., granted defendants summary disposition, reasoning that plaintiff could not recover attorney fees as damages under the American rule. Plaintiff appealed. In an unpublished per curiam opinion issued on May 4, 2023 (Docket No. 361175), the Court of Appeals, REDFORD and YATES, JJ. (SHAPIRO, P.J., concurring), affirmed the trial court's order, reasoning that because the American rule controlled plaintiff's request for relief, attorney fees could not be awarded. In his concurring opinion, Judge SHAPIRO agreed that the result was mandated by *Mieras v DeBona*, 204 Mich App 703 (1994), rev'd on other grounds 452 Mich 278 (1996), but questioned whether that rule should control given the wide acceptance

of such damages in other states. The Supreme Court ordered and heard oral argument on whether to grant plaintiff's application for leave to appeal or take other action. 513 Mich 949 (2023).

In a unanimous opinion by Justice ZAHRA, the Supreme Court, in lieu of granting leave to appeal, *held*:

Parties must generally bear the costs associated with advancing or defending legal claims through the hiring of attorneys. In that regard, the general American rule provides that attorney fees and costs are ordinarily not recoverable unless a statute, court rule, or common-law exception allows it. However, permitting aggrieved clients to recover attorney fees that are caused by legal malpractice and are reasonably and necessarily incurred to mitigate the harm arising from the malpractice is consistent with the nature of malpractice relief, which seeks to make the client whole. To be made whole, a client asserting legal malpractice may recoup payments for added legal services the client would not have incurred had the attorney provided adequate legal services. Without this compensation, clients will often be left without a remedy and full compensation for the professional wrongs done by their attorneys. Barring the recovery of attorney fees incurred in mitigation would also undermine and create internal conflict with basic mitigation rules, force clients to bear the burden of unnecessary attorney fees, and promote increased malpractice litigation to compensate for larger adverse judgments. There are three categories of fees implicated in legal malpractice actions: (1) the "initial fees" a plaintiff pays or agrees to pay an attorney for legal services that were negligently performed, (2) the "corrective fees" incurred by the plaintiff for work performed to correct the problem caused by the negligent attorney, and (3) the "litigation fees" incurred by the plaintiff to prosecute the malpractice action against the offending attorney. While the initial and corrective fees are recoverable in legal malpractice suits to make the client whole, the litigation fees incurred in the malpractice suit itself are barred under the American rule. The American rule for the assessment of legal fees stemming from litigation prohibits plaintiffs from recovering attorney fees incurred in the suit brought to recover damages. But the American rule does not prohibit the recovery of legal fees that are damages resulting from the underlying legal malpractice. When an attorney takes on the representation of a client and performs negligently, the client is entitled to recover the added costs of hiring other professionals to provide legal services and correct the resulting harm. Accordingly, attorney fees accrued in mitigating damages caused by legal malpractice are recoverable in an action for legal malpractice. In this case, plaintiff incurred significant additional legal fees in defending litigation against its former employee that would not have existed but for defendants' alleged malpractice. Plaintiff sufficiently pleaded the damages element of its claim—i.e., the attorney fees reasonably incurred to mitigate defendants' alleged malpractice. The Court of Appeals therefore erred when it affirmed the trial court's grant of summary disposition in favor of defendants.

Reversed and remanded to the trial court.

# OPINION

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

FILED  December 30, 2024

STATE OF MICHIGAN

SUPREME COURT

HARK ORCHIDS, LP,

      Plaintiff-Appellant,

v

No. 165761

WILLIAM BUIE and CONKLIN
BENHAM, PC,

      Defendants-Appellees.

BEFORE THE ENTIRE BENCH

ZAHRA, J.

Plaintiff Hark Orchids, LP, alleges that it incurred significant attorney fees to correct mistakes and mitigate damage resulting from legal malpractice committed by its attorneys, defendants William Buie and Conklin Benham, PC.  Defendants represented plaintiff in a workers' compensation suit.  Plaintiff alleges that defendants failed to inform plaintiff of other possible employment-related claims and of a global settlement offer that would have resolved the other claims in addition to the workers' compensation claim.  Plaintiff claims

that these failures constitute legal malpractice. Because it was not informed of the offer, plaintiff alleges it was required to defend an additional, separate lawsuit by its former employee, requiring plaintiff to pay attorney fees that it otherwise would not have incurred.

Defendants moved for summary disposition, arguing that, under the "American rule" for the assessment of attorney fees arising out of litigation, parties generally cannot recover attorney fees from an opposing litigant absent express authorization, even in the context of legal malpractice suits.[1] The trial court concluded that plaintiff failed to state a claim under MCR 2.116(C)(8), and the Court of Appeals affirmed that decision on the same grounds.[2]

Contrary to the conclusions of the courts below, the American rule does not bar plaintiff's claim for damages. The American rule generally requires parties to shoulder the cost of hiring their own attorneys to assert their legal positions, claims, and defenses. But that principle is not implicated in the context of negligent performance of legal services. Legal malpractice claims, by their very nature, implicate the provision of professional legal advice to clients. Plaintiffs in legal malpractice suits seek compensation to place them in the same position as if they had received legal services meeting the appropriate standard of care. Legal malpractice can cause clients to incur costs that would have been unnecessary

---

[1] One exception to the general prohibition against imposition of attorney fees under the American rule is that a defendant may be liable for a plaintiff's attorney fees incurred in prior litigation with a third party if the defendant committed wrongful conduct, worse than negligence, that required the plaintiff to prosecute or defend the prior lawsuit. But defendants argue this "prior-litigation" exception does not apply here.

[2] *Hark Orchids LP v Buie*, unpublished per curiam opinion of the Court of Appeals, issued May 4, 2023 (Docket No. 361175).

absent the malpractice. A client who suffers legal malpractice may be required to retain counsel to address mistakes and harms caused by the negligent attorney and to take steps to mitigate the resulting damage. We hold that a client who suffers legal malpractice can recover reasonable and necessary attorney fees that are incurred to correct harms caused by the malpractice. The American rule for the assessment of legal fees stemming from litigation prohibits plaintiffs from recovering attorney fees incurred in the suit brought to recover damages. But the American rule does not prohibit the recovery of legal fees that are damages resulting from the underlying legal malpractice.

Because plaintiff sufficiently pleaded the damages element of its claim, specifically in the form of attorney fees reasonably incurred to mitigate defendants' alleged malpractice, the judgment of the Court of Appeals is reversed. We remand this matter to the trial court for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

When considering a motion for summary disposition for failure to state a claim, a court must accept as true the allegations in the plaintiff's complaint.[3] The following facts are recited pursuant to this standard.

In 2015, a former employee of plaintiff brought suit against plaintiff, alleging claims for workers' compensation relief.[4] Plaintiff's workers' compensation insurance carrier hired defendants to represent plaintiff in the suit. Plaintiff, defendants, and the former

---

[3] *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999) ("All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant.").

[4] See Michigan's Worker's Disability Compensation Act, MCL 418.101 *et seq*.

employee engaged in discovery and settlement negotiations. During the course of the litigation, the former employee indicated to defendants that she believed she had additional meritorious claims against plaintiff in addition to the workers' compensation claim, including claims based on discrimination and retaliatory discharge. She offered a global settlement for all of her claims, including both the workers' compensation and separate claims, for $125,000.

Defendants failed to notify or inform plaintiff of the proposed offer from the former employee. Defendants also did not convey or provide a copy of the offer in written form to plaintiff. Instead, defendants settled only the workers' compensation claim for the amount of $35,823.84, and the litigation concerning workers' compensation concluded. After this settlement, the former employee sued to recover damages under additional theories of relief, which included retaliation in response to a workers' compensation claim,[5] racial discrimination,[6] and intentional infliction of emotional distress.

Because these claims were not settled, however, plaintiff defended against the former employee's second suit and engaged in detailed pretrial motion practice. During the course of the second suit, plaintiff discovered that the former employee had previously offered to settle all remaining claims but that defendants had failed to inform plaintiff of

---

[5] See MCL 418.301(13) (Worker's Disability Compensation Act retaliation provision).

[6] See MCL 37.2202(1)(a) (Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*., racial discrimination provision).

the offer. Ultimately, the trial court in the second case granted summary disposition against the former employee and in favor of plaintiff.[7]

In this lawsuit, plaintiff alleges that, without defendants' inadequate representation and advice, plaintiff would have known about the former employee's potential additional claims and would have had the opportunity to obtain a negotiated settlement that resolved both the workers' compensation claim and the separate claims without the need to engage in a second lawsuit. And as a result of this malpractice, plaintiff asserts that it incurred upwards of $312,584.69 in additional attorney fees that would have been unnecessary had defendants performed to the applicable standard of care.

Defendants moved for summary disposition under MCR 2.116(C)(8) for failure to state a claim, which the trial court granted. The court reasoned that plaintiff could recover the additional attorney fees as damages under the American rule only if defendants had committed deceptive or malicious action.[8] Because the only damages alleged by plaintiff were derived from the payment of attorney fees incurred to mitigate the damage caused by the malpractice, the court found that no damages were recoverable.

Plaintiff appealed that decision in the Court of Appeals, which affirmed the trial court's order granting defendants summary disposition. Largely reiterating the position of

_____

[7] The former employee appealed the trial court's order, and the Court of Appeals affirmed. *Wright v Hark Orchid Corp*, unpublished per curiam opinion of the Court of Appeals, issued March 11, 2021 (Docket No. 351667). The former employee sought leave to appeal in this Court, and we denied the application. *Wright v Hark Orchid Corp*, 508 Mich 926 (2021).

[8] There remains an open dispute about the amount of attorney fees that plaintiff allegedly incurred because of malpractice by defendants. The lower courts did not reach that question, and it is not currently before this Court.

5

the trial court, the Court of Appeals concluded that the American rule applied to plaintiff's request for relief and that therefore attorney fees could not be awarded absent allegations that defendants' conduct was malicious, fraudulent, or similarly wrongful.[9] Because plaintiff alleged only that defendants were negligent, the trial court did not err by granting summary disposition for defendants.[10] Judge SHAPIRO concurred, explaining that affirmance of the trial court was mandated by Court of Appeals precedent under *Mieras v DeBona*.[11] Judge SHAPIRO nonetheless reasoned that the exclusion of compensation for attorney fees as damages for legal malpractice may not be fully justified, citing the widespread acceptance of such damages around the country.[12]

Plaintiff sought leave to appeal, and we ordered and heard oral argument on the application.[13]

## II. STANDARD OF REVIEW

This Court is asked to review a motion for summary disposition brought under MCR 2.116(C)(8), which "tests the legal sufficiency of the complaint."[14] Dismissal is warranted

---

[9] *Hark Orchids LP*, unpub op at 2-4.

[10] *Id*.

[11] *Hark Orchids LP* (SHAPIRO, P.J., concurring), unpub op at 1-4, citing *Mieras v DeBona*, 204 Mich App 703; 516 NW2d 154 (1994), rev'd on other grounds 452 Mich 278 (1996).

[12] *Hark Orchids LP* (SHAPIRO, J., concurring), unpub op at 3.

[13] *Hark Orchids LP v Buie*, 513 Mich 949 (2023).

[14] *Maiden*, 461 Mich at 119.

6

if the "opposing party has failed to state a claim on which relief can be granted."[15] In reviewing the motion, the Court accepts as true all "well-pleaded factual allegations" and construes those allegations "in a light most favorable to the nonmovant."[16]

Questions of law, including the extent and nature of legally permissible damages, are reviewed de novo.[17]

### III. ANALYSIS

Defendants argue that legal malpractice plaintiffs are barred from recovering attorney fees that were incurred to mitigate the harm of the malpractice underlying the case. We disagree. Attorney fees incurred to correct or limit the damages caused by malpractice are inherent in the underlying injury in malpractice suits. Accordingly, we hold that attorney fees reasonably and necessarily incurred to mitigate the damage of legal malpractice are recoverable in a legal malpractice action.

Every attorney has a duty to provide legal services with basic and " 'reasonable skill, care, discretion and judgment in representing a client.' "[18] Recognizing the immense ethical importance of meeting foundational professional standards for the legal community, malpractice suits go beyond mere administrative discipline proceedings. Legal malpractice claims provide clients direct relief in court to rectify wrongful acts of their attorneys and

---

[15] MCR 2.116(C)(8).

[16] *Maiden*, 461 Mich at 119, citing *Wade v Dept of Corrections*, 439 Mich 158, 162; 483 NW2d 26 (1992).

[17] See *Price v High Pointe Oil Co, Inc*, 493 Mich 238, 242; 828 NW2d 660 (2013).

[18] *Simko v Blake*, 448 Mich 648, 656; 532 NW2d 842 (1995), quoting *Lipton v Boesky*, 110 Mich App 589, 594; 313 NW2d 163 (1981).

vindicate the right of clients to competent representation.[19]  The right to recovery for legal malpractice is a well-established right by which clients are made whole and compensated for attorney misconduct.  By incorporating client harm and professional competence, legal malpractice claims implicate both the exchange of specialized services, performed in the context of agreements and commercial payments, and negligence principles requiring conformity with a standard of care.

The elements of a legal malpractice claim are (1) "the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff"; (3) causation; and (4) injury.[20]  While attorneys are required to engage in reasonable professional conduct,[21] they do so in the context of providing services in a licensed profession and almost always in the context of an agreement or commercial exchange, unlike many other tort contexts.[22]

---

[19] See 1 Mallen, Legal Malpractice, § 1:1 (2024 ed); see also *Anonymous v Attorney Grievance Comm*, 430 Mich 241, 248-249; 422 NW2d 648 (1988) (explaining in the context of ethical conduct for attorneys that "[u]nless a profession is ultimately devoted to public service, the privileges of its membership cannot be reconciled with principles of a democratic society").

[20] *Coleman v Gurwin*, 443 Mich 59, 63; 503 NW2d 435 (1993).

[21] *Id*. at 63 n 5; see *Simko*, 448 Mich at 655-659 (describing the standard of care in detail).

[22] See also MRPC 1.3 (comment) ("Doubt about whether a client-lawyer relationship still exists should be clarified by the lawyer, preferably in writing, so that the client will not mistakenly suppose the lawyer is looking after the client's affairs when the lawyer has ceased to do so."); MRPC 1.5(b) ("When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation.").

Legal malpractice is a tort that takes on unique qualities and characteristics of professional-services contracts.[23]

With this background in mind, it is well-established in legal malpractice jurisprudence that the client must be made whole and placed back in "as good a position as he or she would have been if the attorney had performed competently."[24] Specifically

---

[23] See *Brownell v Garber*, 199 Mich App 519, 525-526; 503 NW2d 81 (1993) (holding that a breach-of-contract action alleging that the attorney had failed to provide services with " 'appropriate legal skill' " was "duplicative of the malpractice claim," but contrasting that with a "special agreement" to provide services "above the level required by the standard of care"), quoting *Barnard v Dilley*, 134 Mich App 375, 378; 350 NW2d 887 (1984), and citing *Aldred v O'Hara-Bruce*, 184 Mich App 488; 458 NW2d 671 (1990); Mallen, § 8:1 ("Because alternative theories often are based on the same factual allegations as a negligence cause of action, such claims frequently are treated as duplicative and are disregarded."); see also *American Int'l Adjustment Co v Galvin*, 86 F3d 1455, 1459 (CA 7, 1996) ("Given that the alleged 'breach' complained of is the failure to adhere to the appropriate standard of care, there is no difference between the tort and breach of contract claims. Thus, courts have held repeatedly that legal malpractice claims are governed by tort principles regardless of whether they are brought as a tort, a breach of contract, or both."); *Allied Waste North America v Lewis, King, Krieg & Waldrop, PC*, 93 F Supp 3d 835, 851 (MD Tenn, 2015) ("This measure of damages in not unlike that available for a breach of contract action where plaintiff is to be placed as nearly as possible, in the same position he would have been in had the contract been performed[.]") (quotation marks and citation omitted).

[24] 7A CJS, Attorney & Client, § 401, p 464; 7 Am Jur 2d, Attorneys, § 216, pp 307-308 ("Legal-malpractice damages are the difference between the result obtained for the client and the result that would have been obtained with competent counsel."); Mallen, § 21:8 ("In other words, the measure of damages is the difference between what the plaintiff's pecuniary position is and what it should have been had the attorney not erred."); see also, e.g., *Sterling Radio Stations, Inc v Weinstine*, 328 Ill App 3d 58, 64; 765 NE2d 56 (2002) ("The plaintiff can be in no better position by bringing suit against the attorney than if the underlying action had been successfully prosecuted or defended."); *Saffer v Willoughby*, 143 NJ 256, 271; 670 A2d 527 (1996) ("The purpose of a legal malpractice claim is to put a plaintiff in as good a position as he or she would have been had the attorney kept his or her contract.") (quotation marks, citation, and brackets omitted); *Carbone v Tierney*, 151 NH 521, 534; 864 A2d 308 (2004) (recognizing "the well-established principle that in a legal malpractice action, a plaintiff is entitled to recover damages for his actual loss, which

in the context of litigation malpractice, a successful claimant is able to obtain "the amount of damages recoverable and collectible if [a] suit had been properly prosecuted."[25]

Oftentimes, when a malpractice plaintiff alleges damages in the form of a lost claim or an adverse judgment, the measure of damages requires consideration of whether the client "would have been successful in the underlying suit."[26]  But an adverse court judgment is not always the full extent of the damages to the client.[27]  There are numerous circumstances in which an attorney can engage in malpractice, therefore harming the client without changing the ultimate result of a lawsuit.  These circumstances include business transactions resulting in unnecessary costs or litigation, as well as cases in which the client was required to engage in additional litigation because of the attorney's negligent conduct.[28] Such is the case alleged by plaintiff here.

---

is measured by the judgment the plaintiff lost in the underlying action") (quotation marks and citation omitted).

[25] 7 Am Jur 2d, Attorneys at Law, § 216, p 307.

[26] *Charles Reinhart Co v Winiemko*, 444 Mich 579, 586; 513 NW2d 773 (1994) (opinion by RILEY, J.) (quotation marks and citation omitted); see Mallen, § 37:87 ("The manner in which the plaintiff can establish . . . what should have happened in the underlying action or matter depends on the nature of the attorney's error.  For example, if the attorney failed to file or pursue a lawsuit, as where it was barred by a statute of limitations or concluded by a default judgment, the plaintiff usually will be required to recreate, *i.e.*, litigate, an action that was never tried.").

[27] *Charles Reinhart Co*, 444 Mich at 587 (opinion by RILEY, J.) (recognizing that the "suit within a suit" framework is not "universally applicable"); Mallen, § 37:87 ("Where the injury claimed does not depend on the merits of the underlying action or matter, the case-within-a-case methodology is not applicable.").

[28] See, e.g., *Maddox v Burlingame*, 205 Mich App 446; 517 NW2d 816 (1994) (malpractice suit involving negligence in selling business); *Pontiac Sch Dist v Miller, Canfield, Paddock*

Permitting aggrieved clients to recover attorney fees that are caused by legal malpractice and are reasonably and necessarily incurred to mitigate the harm of the malpractice is consistent with the nature of malpractice relief—to make the clients whole. This type of damages is widely accepted in legal malpractice jurisprudence.[29]  And it is well justified.  Legal malpractice involves the exchange and provision of legal services. Unlike other claims and contexts, legal malpractice plaintiffs seek to be made whole for inadequate representation as to legal proceedings, rights, and obligations.  Therefore, the full compensation for a failure to provide a reasonable standard of care is recoupment of payments for added legal services the client would not have incurred if the attorney had provided adequate legal services.[30]

---

*& Stone*, 221 Mich App 602, 637; 563 NW2d 693 (1997) (malpractice suit for negligence in drafting ballot proposal and obtaining bond funding for local government).

[29] See 7 Am Jur 2d, Attorneys at Law, § 216, p 309 ("Even when an injured client 'corrects' an attorney's act of malpractice against it, damages may not be altogether eliminated, because the client's need to hire new counsel, who would have otherwise been unnecessary, and the expenditure of money for the attorney's fees are some of the damages incurred besides the lost contractual amounts, and the attorney remains liable for causing damages associated with the client's need to take such corrective action."); 7A CJS, Attorney & Client, § 402, pp 466-467 ("A legal malpractice plaintiff may recover as actual damages the attorney's fees proximately caused by the defendant's malpractice so long as the plaintiff can demonstrate he or she would not have incurred the fees in the absence of the defendant's negligence. . . .  However, there is authority, citing to the American rule, that former clients are not entitled to recover as damages their legal fees in prosecuting a malpractice action even though such fees are arguably the direct consequence of the malpractice.") (citations omitted); Mallen, § 21:12 ("The client's injury may be the expense of retaining another attorney.  Such damages can result from an attempt to avoid or minimize the consequences of the former attorney's negligence.").

[30] This is widely recognized in other jurisdictions.  *Nettleton v Stogsdill*, 387 Ill App 3d 743, 749; 899 NE2d 1252 (2008) ("A plaintiff in a legal malpractice case may recover attorney fees when the fees constitute an ordinary loss resulting from the attorney's negligence."); *Paterek v Petersen & Ibold*, 118 Ohio St 3d 503, 507; 2008-Ohio-2790; 890

Without compensation of attorney fees paid by the client as a result of legal malpractice, clients will often be left without a remedy and full compensation for the professional wrongs done by their attorneys. In many circumstances, clients engage in extended and complex legal proceedings to protect their legal position and to sustain a claim or a defense that was detrimentally affected by their attorney's malpractice. That is the case here, where if defendant had performed reasonably under the allegations of the complaint, plaintiff could have settled all of its former employee's claims for around $125,000. As a result of defendants' alleged negligence, plaintiff claims to have incurred

NE2d 316 (2008) ("This court has recognized that a plaintiff in a legal-malpractice case may seek other types of consequential damages, such as additional attorney fees incurred to correct the mistakes of the malpracticing attorney[.]"); *Helmbrecht v St Paul Ins Co*, 122 Wis 2d 94, 120; 362 NW2d 118 (1985) ("Finally, there was testimony that [the plaintiff] incurred more than $7,500 in attorney's fees in an attempt to modify the divorce judgment, for which she should also be compensated."); *Akin, Gump, Strauss, Hauer & Field, LLP v Nat'l Dev & Research Corp*, 299 SW3d 106, 111 (Tex, 2009) ("We also agree with [the defendant here] that it may recover damages for attorney's fees it paid to its attorneys in the underlying suit to the extent the fees were proximately caused by the defendant attorneys' negligence."); *SKMDV Holdings, Inc v Green Jacobson, PC*, 494 SW3d 537, 549 (Mo App, 2016) ("The party's need to hire new counsel, who would have otherwise been unnecessary, and the expenditure of money for the attorney's fees are some of the damages incurred besides the lost contractual amounts. The attorney remains liable for causing damages associated with the client's need to take such corrective action.") (citation omitted); *Callahan v Gibson, Dunn & Crutcher LLP*, 194 Cal App 4th 557, 582; 125 Cal Rptr 3d 120 (2011) ("Fees paid to a second attorney to correct errors committed by a prior attorney represent damages recoverable in a legal malpractice action."); *Sachs v Downs Rachlin*, 206 Vt 157, 172; 2017 VT 100; 179 A3d 182 (2017) ("Under the direct damage theory of attorney's fees, damages may be recoverable if the client hires another lawyer to correct the consequence of the former lawyer's negligence."), citing *Ramp v St Paul Fire & Marine Ins Co*, 263 La 774; 269 So 2d 239 (1972); *Gefre v Davis Wright Tremaine, LLP*, 306 P3d 1264, 1281 (Ala, 2013) ("[A] legal malpractice plaintiff may recover as actual damages the attorney fees incurred as a result of the defendant's malpractice, so long as the plaintiff can demonstrate she would not have incurred the fees in the absence of the defendant's negligence.") (quotation marks and citation omitted).

hundreds of thousands of dollars in additional legal fees in order to defend litigation that would not have existed if defendants had not committed the malpractice.

If such clients were denied the ability to recover the attorney fees incurred to limit the harm done by their attorneys, they would be detrimentally affected, if not completely denied, relief. Barring recovery of legal fees also risks creating a perverse incentive in which clients could obtain greater damages awards if the client's position is made worse because of the underlying malpractice. Clients should not be placed in a position of being denied access to a recovery simply because they were successful at *preventing* greater harm. While clients may be able to recover damages against their former attorney for an adverse judgment, those same clients may be left with potentially no relief if they successfully prevented that result through the use of third-party attorneys. There is no indication that this perverse result is mandated by principles of legal malpractice law, which seek to make all clients whole for their injuries rather than favor certain litigation results and forms of injury.

This is all the more significant because parties injured by a tortfeasor are mandated to take reasonable steps to mitigate their harm.[31] Parties injured by legal malpractice risk

---

[31] *Morris v Clawson Tank Co*, 459 Mich 256, 263; 587 NW2d 253 (1998) (" 'Where one person has committed a tort, breach of contract, or other legal wrong against another, it is incumbent upon the latter to use such means as are reasonable under the circumstances to avoid or minimize the damages. The person wronged cannot recover for any item of damage which could thus have been avoided.' "), quoting *Shiffer v Bd of Ed of Gibralter Sch Dist*, 393 Mich 190, 197; 224 NW2d 255 (1974); *Teodorsecu v Bushnell, Gage, Reizen & Byington (On Remand)*, 201 Mich App 260, 267; 506 NW2d 275 (1993) (concluding that the defendant law firm did not meet its burden of showing that the plaintiff failed to mitigate legal malpractice damages); *Lowman v Karp*, 190 Mich App 448, 452; 476 NW2d 428 (1991) (explaining in the context of settlement agreements the obligation to undertake reasonable mitigation in legal malpractice claims), citing 2 Mallen & Smith, Legal

13

having their entire claims foreclosed if attorney-fee damages are the only damages incurred by the client. That is, the law would mandate mitigation while at the same time precluding relief if the injured client's mitigation efforts are successful. The historical understanding and basic principles of legal malpractice do not *disfavor* clients who are *more* successful at preserving their legal positions, limiting harm, and preventing additional reliance on malpractice litigation. Instead, malpractice plaintiffs must be placed in the same position they would have been if the reasonable legal services they were promised were effectively provided. Barring the recovery of attorney fees incurred in mitigation undermines and creates internal conflict with basic mitigation rules, forces clients to bear the burden of costs of unnecessary attorney fees, and promotes increased malpractice litigation to compensate for larger adverse judgments.

Permitting the recovery of attorney fees incurred as a result of legal malpractice is not inconsistent with the American rule for awarding attorney fees. "Under the general 'American rule,' attorney fees and costs are ordinarily not recoverable unless a statute, court rule, or common-law exception so allows."[32] In light of this American tradition, parties themselves must generally bear the costs of advancing or defending legal claims through the procurement of attorneys. But in the context of legal malpractice litigation, the attorney fees sought to be recovered are not those incurred to procure counsel to advance the legal malpractice claim. Instead, the legal fees sought to be recovered are

Malpractice (3d ed), § 17.15, pp 58-59; 7 Am Jur 2d, Attorneys at Law, § 216, p 309 ("Mitigation of damages is not a complete bar to recovery for legal malpractice, but rather affects the measure of damages that is recoverable.").

[32] *James Township v Rice*, 509 Mich 363, 371; 984 NW2d 71 (2022).

actual damages resulting from the malpractice.  Legal malpractice claims are definitionally based upon the provision of legal services in a competent manner, which a client is entitled to receive as a matter of law.  To replace and make whole the injury of inadequate legal services, it is necessary to permit an injured client to recover attorney fees that were otherwise unnecessary absent malpractice.

As legal malpractice jurisprudence has widely recognized, attorney fees to mitigate harm are direct damages that are inherent in the legal malpractice injury.  They do not arise through the assertion of separately identifiable legal claims or defenses distinct from the harm of malpractice.  While the American rule generally governs the availability of fee-shifting in the resolution of standard legal disputes, it is simply not implicated in the context of recovery for legal malpractice damages.

Of the cases cited by the Court of Appeals here, only one concerned legal malpractice, and none addressed the fundamental nature of malpractice damages, which are directly applicable to the provision of professional legal services.[33]  Specifically, the Court of Appeals relied on *Mieras v DeBona*,[34] which rejected a request for attorney fees incurred in an underlying dispute as a result of malpractice.  The *Mieras* panel's reasoning was scant, but it stated that, although the American rule generally bars recovery of attorney

---

[33] See *Brooks v Rose*, 191 Mich App 565; 478 NW2d 731 (1991) (holding that, in a lawsuit involving the breach of a partnership agreement, the defendant partners could not recover attorney fees because those fees were not a proper element of damages for that breach); *In re Thomas Estate*, 211 Mich App 594; 536 NW2d 579 (1995) (stating that, in a lawsuit against a bank for wrongfully issuing payment to a prior guardian of a minor, the petitioner could not obtain attorney fees for litigation resulting from the misappropriation).

[34] *Mieras v DeBona*, 204 Mich App 703.

fees, a party may recover them as damages incurred in litigating a lawsuit caused by a third party's wrongdoing.[35] The *Mieras* panel continued, explaining that this exception—sometimes called the prior-litigation exception—does not apply if a tortfeasor was merely negligent rather than guilty of malicious or fraudulent conduct.[36] For this proposition, however, the *Mieras* panel cited no legal malpractice authority, only general American-rule authority that applied the prior-litigation exception.[37]

This Court reversed the Court of Appeals' decision in *Mieras*, concluding that the attorney at issue did not violate a duty subjecting the attorney to liability.[38] At that time, this Court was not required to address the issue of attorney fees as damages. While this Court has never addressed this issue directly, as explained in this opinion, legal malpractice principles permitting the recovery of attorney fees in mitigation do not conflict with or implicate the American rule, contrary to the conclusion of the Court of Appeals. Nor does our holding today rely on the prior-litigation exception, as we are holding more broadly that attorney fees accrued in mitigating damages caused by legal malpractice are recoverable in an action for legal malpractice.

Notably, the result in this case is by no means unusual in the context of malpractice generally. When a doctor commits medical malpractice, the patient is entitled to recover

---

[35] *Id*. at 709.

[36] *Id*. at 709-710.

[37] *Id*., citing *G & D Co v Durand Milling Co, Inc,* 67 Mich App 253, 259-260; 240 NW2d 765 (1976).

[38] *Mieras v DeBona*, 452 Mich 278.

the costs of hiring another medical professional to mitigate the harm and repair the injuries caused by the malpractice.[39]  The same is true for negligence actions involving engineers, accountants, professional home construction contractors, and others.[40]  In the same light, when an attorney takes on the representation of a client and performs negligently, the client is entitled to recover the added costs of hiring other professionals to provide legal services and correct the resulting harm.

The distinction between legal malpractice damages and the American rule is further shown in the recovery of attorney fees in the malpractice suit itself.  We are persuaded by

---

[39] *Taylor v Kent Radiology, PC*, 286 Mich App 490, 520-521; 780 NW2d 900 (2009) (discussing the medical expenses necessary to rectify medical malpractice); *Dawe v Dr Bar-Levav & Assoc, PC (On Remand)*, 289 Mich App 380; 808 NW2d 240 (2010) (affirming an award for medical malpractice that included medical expenses for physical injuries resulting from a therapist's malpractice with patients).

[40] *Heaton v Benton Constr Co*, 286 Mich App 528, 541-542; 780 NW2d 618 (2009) (discussing the cost of repair as a recoverable damage for negligence in home construction); *Price*, 493 Mich at 244 ("If injury to property caused by negligence is permanent or irreparable, the measure of damages is the difference in its market value before and after said injury, but if the injury is reparable, and the expense of making repairs is less than the value of the property, the measure of damages is the cost of making repairs.") (quotation marks and brackets omitted), quoting *Tillson v Consumers Power Co*, 269 Mich 53, 65; 256 NW 801 (1934), in turn quoting *O'Donnell v Oliver Iron Mining Co* (syllabus), 262 Mich 470, 471; 247 NW 720 (1933); *Local 1064, RWDSU AFL-CIO v Ernst & Young*, 449 Mich 322, 333; 535 NW2d 187 (1995) (explaining that accounting malpractice is largely governed by "common-law principles articulated in malpractice actions generally"); see also *Alt v Konkle*, 237 Mich 264, 269; 211 NW 661 (1927) ("A plaintiff in a negligence case is entitled to recover, as a part of his damages, his reasonable and necessary outlays in an attempt to be cured of the injuries resulting from the negligence of the defendant.") (quotation marks and citation omitted).

the analysis in *John Kohl & Co, PC v Dearborn & Ewing*,[41] where the Tennessee Supreme Court laid out three distinct categories of fees implicated in malpractice actions:

> (1) "initial fees" a plaintiff pays or agrees to pay an attorney for legal services that were negligently performed, (2) "corrective fees" incurred by the plaintiff for work performed to correct the problem caused by the negligent lawyer, and (3) "litigation fees," which are legal fees paid by the plaintiff to prosecute the malpractice action against the offending lawyer.

"Initial" and "corrective" fees incurred as damages in malpractice and "litigation" fees incurred in the course of prosecuting the malpractice claim require different treatment. While the initial and corrective fees are recoverable in legal malpractice suits to make the client whole, the litigation fees incurred in the malpractice suit itself are barred under the American rule.[42] As explained by the *John Kohl* court, legal malpractice claims are not "an exception to the rule" and, therefore, attorney fees in legal malpractice suits are not generally recoverable.[43] These principles vindicate traditional understandings of legal

---

[41] *John Kohl & Co, PC v Dearborn & Ewing*, 977 SW2d 528, 534 (Tenn, 1998).

[42] *Id*. at 534. As to initial fees, see, e.g., *Sherrard v Stevens*, 176 Mich App 650; 440 NW2d 622 (1988) (noting that the plaintiffs in a legal malpractice suit recovered attorney fees paid to the defendant-attorney, who had filed a frivolous claim on their behalf); Mallen, § 21:12 ("Similarly, if a statute of limitations was an obvious bar to the cause of action, a client could recover from the attorney the expenses incurred in needless litigation on a worthless cause of action.").

[43] *John Kohl*, 977 SW2d at 534; see also *Moore v Michalski*, 2018-Ohio-3021, ¶ 24; 107 NE3d 228 (Ohio App, 2018), quoting *John Kohl* for the same proposition; *Mitzel v Vogel Law Firm, Ltd*, 11 NW3d 717, 735-736; 2024 ND 171 (2024) (same); *Simke, Chodos, Silberfeld & Anteau, Inc v Athans*, 195 Cal App 4th 1275, 1288; 128 Cal Rptr 3d 95 (2011) (distinguishing between fees in the "prior litigation," which are generally recoverable, and fees incurred in the "present litigation" for malpractice, which are not); *Sachs*, 206 Vt at 172 (contrasting "a suit to recover fees paid to litigate the malpractice," which are covered by the American rule, with "the fees recovered [that] were . . . used to prosecute the clients' succession rights against third parties," which may be recoverable as direct damages from

18

malpractice injury while also respecting the American rule under which litigants pay their own way to advance their rights in court.[44]

Injured clients could take on additional attorney fees to mitigate the harms of malpractice, as allegedly occurred here. And of course, as a result of the attorney-client relationship, the attorney can sue the client for failing to compensate the attorney.[45] If an attorney can bring suit to recover damages from the client's violation of the attorney-

---

the malpractice); *Akin, Gump*, 299 SW3d at 121 ("The situation before us does not involve the American Rule that prevails in Texas. [The defendant] does not seek to recover attorney's fees for prosecuting its malpractice suit against [the plaintiff]. It seeks damages measured by the economic harm it suffered from [the plaintiff's] breach of its duty of care in prosecuting the Panda suit.").

[44] Defendants add that, if this Court were to permit the recovery of mitigation fees, there is a tender requirement in which the client must afford the attorney who committed malpractice the ability to represent the client in additional legal proceedings undertaken to mitigate the harm. While some treatises discuss a potential requirement for a tender to the defendant before fees can be imposed for prior litigation outside the context of legal malpractice, see, e.g., 22 Am Jur 2d, Damages, § 455, p 420, such a requirement is not found in the recognized jurisprudence of legal malpractice. There is also no apparent justification for that requirement. To be made whole for their injuries, clients should not be mandated to provide an attorney who committed malpractice the opportunity to continue as the client's representative. Such a result would infringe the ability of the client to select an attorney of the client's choice. And no such mandate exists for other forms of professional negligence. A patient is not required to afford a doctor who harmed the patient through the negligent performance of a surgery the opportunity to perform a second, corrective surgery. Without more, there is no need for the Court to address the question or the requirements of attorney-fee recovery outside the context of legal malpractice.

[45] See, e.g., *Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, PC v Bakshi*, 483 Mich 345, 362-363; 771 NW2d 411 (2009) (reviewing the theories and accrual rules for recovery of attorney fees by an attorney in cases of both a written agreement and through course of performance), citing *In re Dei's Estate*, 293 Mich 651; 292 NW 513 (1940).

services agreement, clients cannot be prohibited from similarly recovering the additional costs of hiring an attorney to mitigate harm caused by malpractice.[46]

Finally, in applying diverse categories of legal malpractice claims, the ultimate principle remains that damages should place the client in the same position in which the client would have been in the underlying suit if no malpractice had occurred, whether those costs take the form of attorney fees for other attorneys or the same attorney. However, "[u]sually, the fees paid to the defendant-attorney bear no relation to the loss of the client," i.e., the client does not incur *additional* costs by paying the negligent attorney more than would have otherwise been paid.[47] The same goes for payments to third-party attorneys. If the costs of attorney fees would have been the same or more if the claim were successfully prosecuted, damages in fees will not return the client to the same position as

---

[46] It is worth noting that if recovery of mitigation costs in hiring third-party attorneys were prohibited while recovery of attorney fees charged by the attorney who committed malpractice, i.e., initial fees, were permitted, clients would be incentivized to retain the very attorney who committed malpractice and caused the clients' harm. There is little basis for imposing such constraints on a client's choice in attorneys. See notes 24, 29, and 30 of this opinion; *Bradley v Frye-Chaiken*, ___ Mich ___, ___; ___ NW3d ___ (July 26, 2024) (Docket Nos. 164900 and 164901); slip op p 28 (discussing in the context of attorney-fee awards the "benefit from . . . competence when defending against a motion for sanctions or to replace a prior attorney who engaged in sanctionable behavior" and a concern about incentives that could leave "litigants who are most in need of competent counsel to proceed pro se or hire even less capable counsel").

[47] Mallen, § 21:12; see also 7 Am Jur 2d, Attorneys at Law, § 216, p 307 ("In a legal malpractice case, damages consist of the amount of damages recoverable and collectible *if the suit had been properly prosecuted*.") (emphasis added); 7A CJS, Attorney & Client, § 402, p 466 ("A legal malpractice plaintiff may recover as actual damages the attorney's fees proximately caused by the defendant's malpractice so long as the plaintiff can demonstrate he or she *would not have incurred the fees in the absence of the defendant's negligence*.") (emphasis added).

would exist without malpractice. As a court in Illinois convincingly explained, "to allow a plaintiff to recover attorney fees she would have incurred even in the absence of the defendant's negligence would place the plaintiff in a position better than that she would have occupied had the defendant not been negligent."[48] Such fees beyond the actual injury experienced by the client are not recoverable in a legal malpractice suit.

Furthermore, the client cannot recover *any and all* fees that the client incurred in attempted mitigation. Attorney fees subject to recovery must be *reasonable and necessary* to mitigate the harm from malpractice.[49] This basic limitation guards against excessive awards and prevents malpractice litigation from becoming a vehicle by which attorneys and their clients pass on unreasonable fees and rates to third parties. In calculating reasonable attorney fees, litigants must follow recognized procedures and standards.[50]

---

[48] *Nettleton*, 387 Ill App 3d at 752.

[49] See 7A CJS, Attorney & Client, § 402, p 466 (emphasizing "reasonable attorney fees"); *Sorenson v Fio Rito*, 90 Ill App 3d 368, 376; 413 NE2d 47 (1980); *Alt*, 237 Mich at 269 ("A plaintiff in a negligence case is entitled to recover, as a part of his damages, his reasonable and necessary outlays in an attempt to be cured of the injuries resulting from the negligence of the defendant.") (quotation marks and citation omitted); *Smith v Khouri*, 481 Mich 519, 528-529; 751 NW2d 472 (2008) (opinion by TAYLOR, C.J.) (explaining that attorney-fee awards generally cover "*reasonable* fee[s]" not necessarily the "*actual* fee charged" because recovery "is not designed to provide a form of economic relief to improve the financial lot of attorneys or to produce windfalls").

Similar standards exist in other malpractice and negligence contexts. See 22 Am Jur, Damages, § 183, pp 182-183 ("Recovery for medical expenses is, as a rule, controlled by what the services rendered were reasonably worth and not by what was actually paid or contracted to be paid."); *Tillson*, 269 Mich at 66 ("In cases in which restoration of the building damaged can be made, the measure of damages is the reasonable cost of restoration or repairs.") (quotation marks and citation omitted).

[50] See *Woodman v Dep't of Corrections*, 511 Mich 427, 450-452; 999 NW2d 463 (2023) (describing in detail the accepted method of calculating reasonable attorney fees, including

In their motion for summary disposition, defendants claimed that the American rule prevented plaintiff from recovering attorney fees incurred as a result of legal malpractice.[51] Given our conclusion today, that position is incorrect. Plaintiff's claim for damages does not implicate the American rule. Plaintiff adequately alleged in its complaint that, because of defendants' alleged malpractice, it was unable to obtain a global settlement agreement that would have released and terminated all claims brought by plaintiff's former employee against plaintiff. Plaintiff contends that, as a result of this negligence, it was forced to participate in a separate lawsuit from the former employee, for which it incurred additional attorney fees. If, in subsequent proceedings, plaintiff can prove malpractice and reasonable attorney fees incurred to mitigate the injury caused by the malpractice, it can recover such fees as damages.

## IV. CONCLUSION

Contrary to the conclusion of the Court of Appeals, plaintiff's complaint alleges cognizable damages. Legal malpractice claims, by their very nature, seek compensation to place the client in the same position they would have been absent the provision of negligent legal services. In order to make clients whole for the damages imposed on them due to malpractice, legal malpractice plaintiffs can recover from malpractice defendants

---

the factors set forth in *Smith*, 481 Mich 517 (opinion by TAYLOR, C.J.), and *Pirgu v United Servs Auto Ass'n*, 499 Mich 269; 884 NW2d 257 (2016).

[51] Defendants also argued, in the alternative, that the case should be dismissed because they owed no duty to plaintiff outside of the workers' compensation matter. Neither the trial court nor Court of Appeals ruled on this issue below, and we decline to do so in the first instance. Defendants may renew this issue in the trial court on remand.

reasonable attorney fees incurred to correct harms caused by the defendants' inadequate services.  Given the inherent nature of a client's direct damages from malpractice, this recovery of attorney fees does not implicate the American rule.

Because plaintiff sufficiently pleaded the damages element of its claim, specifically in the form of attorney fees reasonably incurred to mitigate defendants' alleged malpractice, the judgment of the Court of Appeals is reversed.  The case is remanded to the trial court for further proceedings.

Brian K. Zahra
Elizabeth T. Clement
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden
